CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 21, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Jennifer Reba Emmi, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Chadwick Dotson *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 3:24-cv-00077 |

## **MEMORANDUM OPINION AND ORDER**

On October 8, 2024, Plaintiff Jennifer Reba Emmi filed a complaint in this matter, (Dkt. 1), along with a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65, (Dkt. 2 [hereinafter "TRO Motion"]), in the United States District Court for the District of Colorado. Emmi seeks immediate release from confinement at Fluvanna Correctional Center for Women to enable her to receive requested medical care, or in the alternative, transfer to another facility that could provide her requested medical care. (TRO Motion at 1.) On October 17, 2024, the case was transferred to the United States District Court for the Western District of Virginia. (Dkt. 7.)

The court will direct the parties to submit briefing on the TRO Motion.[1] The TRO Motion was filed without an accompanying brief or memorandum of law in support. Instead,

---

[1] The court notes that Emmi does not request a temporary restraining order *without notice* pursuant to Rule 65(b). However, even if she did, her filing would not satisfy those requirements. Rule 65(b) authorizes courts, in limited circumstances, to issue a temporary restraining order without notice to an adverse party or their attorney. Fed. R. Civ. P. 65(b)(1). However, a plaintiff seeking such an order must satisfy two procedural requirements. First, the movant must cite to "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.* Second, the "movant's attorney [must] certif[y]

the motion "refers the Court to [the] Complaint" which Emmi's counsel states "delineates the bas[is] . . . of this motion." (TRO Motion at 2.) The court reminds counsel that for a temporary restraining order to be issued, the movant must show that four preliminary injunction factors favor relief. The court instructs Emmi and her counsel to file a brief or memorandum in support of the motion and plans to direct the defendants to submit briefing once they are properly served. Finally, the court notes that defendants have not yet been served.

Accordingly, it is **ORDERED** that Emmi, to avoid denial of her TRO Motion, file a brief or memorandum of law in support of the motion on or before November 1, 2024. The court intends to instruct defendants to respond as soon as practicable but no later than two weeks following service and receipt of Emmi's brief or memorandum of law.

**ENTERED** this 21st day of October, 2024.

/s/ *Jasmine H. Yoon*
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

in writing any efforts made to give notice and the reasons why it should not be required." *Id.* Emmi has not satisfied either procedural requirement with her current filings. Emmi has not filed an affidavit or verified complaint. However, Emmi's complaint notes that an affidavit is forthcoming and will supplement the pleadings. (Compl. ¶ 14 n.6.) In addition, Emmi's counsel has not certified in writing the efforts made to give the defendants notice, nor explained the reasons why it should not be required.